

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2003

# USA v. Carr

Precedential or Non-Precedential: Non-Precedential

Docket 02-1434

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Carr" (2003). *2003 Decisions.* Paper 890.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/890

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-1434

UNITED STATES OF AMERICA

v.

DARREN CARR,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 01-00407-02)
District Court: Hon. Stewart Dalzell

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2002

Before: SLOVITER and McKEE, Circuit Judges,
and ROSENN, Senior Circuit Judge.

OPINION

(Filed: January 9, 2003)

McKEE, Circuit Judge.

Darren Carr argues that the district court abused its discretion by denying his motion

to withdraw his guilty plea, and that it erred by applying a four-level enhancement pursuant

to U.S.S.G. § 2K2.1(b)(5). For the reasons that follow, we will affirm.

**I.**

Because we write only for the parties, it is not necessary to recite the facts of this

case in detail. It is sufficient to note that a federal grand jury charged Charles Meadows

with possession with intent to deliver a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and charged Carr with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

Carr subsequently filed a motion to suppress which was denied by the district court. Thereafter, on November 5, 2001, Carr pled guilty to the felon-in-possession charge pursuant to a written plea agreement. However, before sentence was imposed, Carr filed a motion to withdraw his guilty plea. The district court denied the motion and sentenced him to a term of incarceration of 22 months. This appeal followed.

## II.

As noted, Carr raises two issues in this appeal. Each is considered separately.

### A. Withdrawal of guilty plea.[1]

Carr filed his motion to withdraw his guilty plea after he learned that Officer Dawn Norman, the police officer who testified that she saw the handgun in Carr's possession, was later accused of making a false claim regarding the presence of anthrax in her police vehicle. Officer Norman's alleged wrongdoing took place on October 18, 2001, but Carr was not aware of it when he entered his plea on November 5, 2001. The accusation against Officer Norman did not become public until November 21, 2001. Carr argues that he could have used Officer Norman's alleged misconduct to impeach her, that the government should have informed him of this impeachment material, and that had he been informed he

_____

[1]We review the district court's denial of a motion for withdrawal of a guilty plea for abuse of discretion. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001).

2

would not have pled guilty.

We look to three factors in evaluating a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by withdrawal; and (3) the strength of the defendant's reasons for moving to withdraw." *United States v. Trott*, 779 F.2d 912, 915 (3d Cir. 1985). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) (citations omitted). Carr has failed to meet the first and third factors.

At the outset, we note that Carr does not assert his innocence. On the contrary, he simply thinks that he would have a better chance of acquittal if he were able to impeach Officer Norman. He has not given any reason for withdrawing his plea other than this missed opportunity. He claims that the government should have been aware of Officer Norman's conduct and disclosed it to him before he entered his plea. The district court made an explicit factual finding to the contrary.

The prosecutor and the case agent advised the district court that they were unaware of the accusation against Officer Norman until after it became public. The district court credited these representations and expressly found that neither the prosecutor nor the case agent were aware of Officer Norman's alleged misconduct until it became public.

The district court then relied upon our decision in *United States v. Veksler*, 62 F.3d 544 (3d Cir. 1995), to conclude that the prosecution team is not required to monitor the

3

activities of its witnesses to learn of any charges lodged against them in unrelated matters, as opposed to reporting charges known charges. Constructive knowledge of Officer Norman's alleged misconduct can only be found if Carr had made a specific request for such information. *Id*. at 549. Carr made no such request. Thus, there can be no *Brady* violation. *See also United States v. Joseph*, 996 F.2d 36, 40-41 (3d Cir. 1993) ("Where a prosecutor has no actual knowledge or cause to know of the existence of *Brady* material in a file unrelated to the case under prosecution, a defendant, in order to trigger an examination of such unrelated files, must make a specific request for that information."). Accordingly, the district court did not abuse its discretion by denying Carr's motion to withdraw his guilty plea.

## B. The § 2K2.1(b)(5) enhancement.

The district court applied an enhancement pursuant to U.S.S.G. § 2K2.1(b)(5), which provides for a four-level enhancement when the firearm which is the subject of the offense of conviction was possessed "in connection with" another felony offense. Carr claims that was error. We again disagree.

Carr's arrest took place when Philadelphia Police Officers, who were informed of drug sales taking place from a specifically described vehicle, approached the vehicle and found Carr and Meadows sitting inside. Carr, who was sitting in the passenger seat, had the gun at his feet. Elsewhere in the car, in open view, were a scale, a straw, and two bags containing heroin residue. Carr and Meadows were arrested and officers later found, a large quantity of crack cocaine which evidently spilled from Meadows' pockets onto the

4

seat of a police car while he was being transported.

Carr argues that the § 2K2.1(b)(5) enhancement was based on Meadows' possession of crack, and that were was insufficient evidence to link Carr to those narcotics. However, Carr's argument misstates the district court's finding.

The district court did not rely on the crack cocaine found in the back of the police car. Rather, it focused on the presence of drug paraphernalia, including a straw, two bags containing heroin residue and a scale, in open view in the vehicle Carr was riding in. The phrase "in connection with," used in § 2K2.1(b)(5), is to be construed "broadly" and "expansively." *United States v. Loney*, 219 F.3d 2871, 284 (3d Cir. 2000). In light of Carr's possession of a gun and the presence of drug trafficking paraphernalia in the car he was a passenger in, all in close proximity to a report of drug sales from that car, the district court's finding that there was "some relationship or association" between the gun and the drug sales effort was not clearly erroneous. *Id*. Accordingly, the district court properly applied the § 2K2.1(b)(5) four-level enhancement.

### III.

For all of the above reasons, we will affirm the district court's judgment of sentence and conviction.

_/s/ Theodore A. McKee_
Circuit Judge

5